THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH PADILLA, Appellant. [932 NYS2d 71]—

The court properly denied defendant's motion to suppress a revolver recovered from his impounded car. The police conducted a proper inventory search, which was supported by sufficient documentation. The search produced a "meaningful inventory list" (*People v Johnson*, 1 NY3d 252, 256 [2003]), even though the searching officer did not record every item he released to defendant's sister (*see People v Black*, 250 AD2d 494 [1998], *lv denied* 92 NY2d 922 [1998]), and we do not find there were any deficiencies of any kind that would warrant suppression of the revolver. Regardless of whether the officer suspected that contraband might be present, there was no evidence that the search was conducted as a ruse to discover incriminating evidence (*see Johnson*, 1 NY3d at 256). Defendant did not preserve his argument that the police improperly impounded his car, and we decline to review it in the interest of justice. As an alternate holding, we reject it on the merits.

The verdict was based on legally sufficient evidence and was

not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]), particularly when viewed in light of the statutory presumption of possession by all occupants of a vehicle (*see* Penal Law § 265.15 [3]). Moreover, defendant was the owner, driver, and sole occupant, and the evidence, even without the automobile presumption, warrants the inference that he knew there was a firearm in his car (*see People v Reisman*, 29 NY2d 278, 285-286 [1971], *cert denied* 405 US 1041 [1972]).

Defendant's remaining claims do not warrant reversal. Concur—Saxe, J.P., Sweeny, DeGrasse, Manzanet-Daniels and Román, JJ.